Lisby Jann **CARRELL**, Appellant,

v.

**HOPE COTTAGE–CHILDREN'S BUREAU, INC.**, Appellee.

No. 4215.

Court of Civil Appeals of Texas.

Eastland.

March 8, 1968.

Rehearing Denied March 29, 1968.

Thomas A. Melody, Harold J. Fleming, Dallas, for appellant.

Muse, Currie & Kohen, R. Douglas Coffin, Dallas, for appellee.

GRISSOM, Chief Justice.

Lisby Jann Carrell had, in a divorce suit, been awarded custody of her child, Karl Dixon Cotton. Thereafter, she and the child's father duly executed instruments in writing placing the child with Hope Cottage-Children's Bureau, Inc., a licensed child placing agency, for adoption. Five days thereafter Mrs. Carrell instituted this habeas corpus proceeding to regain possession of her son. She alleged that her consent was obtained by coercion, threats, and undue influence; that she had revoked her consent but Hope Cottage refused to relinquish custody of the child to her. Upon a trial to the court, judgment was ren-dered for Hope Cottage. Mrs. Carrell has appealed.

■ Appellant's first point is that the court erred in rendering said judgment because her consent had been revoked before a judgment of adoption was rendered. She cites authorities which hold that consent may be revoked at any time before the adoption judgment is rendered. In Catholic Charities of Diocese of Galveston, Inc. v. Harper, 161 Tex. 21, 337 S.W.2d 111, our Supreme Court recognized the correctness of these decisions. However, it held that Vernon's Ann.Civ.St. Article 46a had been so changed that they were not applicable to a licensed child placing agency, such as Hope Cottage-Children's Bureau, Inc., and that where a child had been delivered into the custody of such an organization by its parents and they had executed a written consent for it to place the child for adoption that they could not withdraw their consent, even before a judgment of adoption had been rendered. The Supreme Court expressly held that where parents surrender their child to the custody of an agency licensed to place children for adoption and had given their consent for such agency to place the child for adoption, that consent is subject to revocation only by proof of fraud, misrepresentation, overreaching and the like. That holding is controlling in this case.

This being a trial to the court and there being no findings of fact or conclusions of law, we cannot presume that the court found that the consent of the mother was procured through fraud, misrepresentation, or the like, as she alleged. Our presumption must be to the contrary. Appellant's first point is overruled.

■ Appellant's second point is that the court erred in refusing to award her custody of her child because appellee did not allege nor prove a material change in condition. As stated, in a divorce case appellant was awarded custody of the child. That case and decision was solely between

her and the child's father. Appellee was not a party thereto. It was not required to allege or prove a change in condition since the award of custody to her in the divorce case.

 Although appellant does not present a point to that effect, she argues in her brief that the judgment is wrong because the father was not a party to the suit. She brought this suit. The father had executed a written instrument giving custody of the child to appellee and authorizing it to place his child for adoption. He has not attempted to revoke his consent. He was not a necessary party.

Appellant's points are overruled. The judgment is affirmed.